IDA J. LOCKHART, as Administratrix of the Estate of RAYMOND EMERSON, Deceased, Respondent, v. CHARLES J. HOFFMAN et al., Appellants.

Labor Law — provision requiring materials to be hoisted inside of certain buildings relates to the construction of new buildings, not to alteration of old buildings.

While defendants were engaged in repairing a building, the derrick, which was used for hoisting material directly from the street, fell from the roof into the street, carrying the plaintiff's intestate, one of defendants' workmen, with it. This action is brought to recover damages for his death on the ground of defendants' negligence. The court, in charging the jury, quoted a portion of the provisions of section 20 of the Labor Law (Cons. Laws, ch. 31), as follows: "If a building in course of construction is five stories or more in height, no lumber or timber needed for

such construction shall be hoisted or lifted on the outside of such building." At the conclusion of the charge the defendants' counsel asked the court to instruct the jury that that portion of the statute "relates to the erection or construction of a new building and not to the alteration of a building after construction." This request was denied and the defendants excepted. *Held*, error.

*Lockhart* v. *Hoffman*, 128 App. Div. 917, reversed.

(Argued January 10, 1910; decided January 25, 1910.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered November 28, 1908, affirming a judgment in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*P. Chamberlain* for appellants. The contention that owing to the fact that this building was five stories in height the derrick was used in violation of section 20 of the Labor Law providing that, " If a building in course of construction is five stories or more in height, no lumber shall be hoisted or lifted on the outside of such building" cannot be sustained. (L. 1899, ch. 192, § 1; L. 1905, ch. 520, § 1.)

*George D. Forsyth* for respondent. The building was five stories or more in height and was within the prohibition of the statute forbidding the hoisting of materials outside the building. (Sutherland on Stat. Const. §§ 585, 586; *State* v. *Powers*, 36 Conn. 77.)

GRAY, J. The defendants, as contractors, were engaged in repairing, and, in part, raising, roofs upon a building in the city of Rochester and in rebuilding portions of the walls. The building was five stories in height and a derrick had been erected upon the roof, in order to hoist the materials needed, directly, from the street. The derrick was not made fast to the building; but two long sills, or legs, extended from the

upright mast, upon which the boom swung, and were so weighted by heavy ballast, as to counterbalance the strain of the load upon the tackle. On the day in question, some part of the ballast had been removed, and in hoisting a load of timbers, the derrick tilted, raising its sills, and went over into the street; carrying with it the plaintiff's intestate, one of the defendants' workmen, at the time, employed upon the roof. This action was, thereafter, brought by the administratrix of the deceased to recover damages, upon the ground that his death was occasioned by the negligence of the defendants. Without further details of the occurrence, it suffices to say that the evidence supported the finding of the jury that the defendants had neglected the duty, owing by them to the deceased, to furnish the safe and proper mechanical contrivances for the doing of the work, which the law commanded. (See sec. 18 of the Labor Law.) The unanimous affirmance of the plaintiff's judgment has conclusively settled all questions of fact and we should not disturb the determination below, were it not for an erroneous instruction given by the trial court to the jurors, with respect to the application of a certain provision of the Labor Law. In submitting the case to them, the court, first, quoted the provisions of section 18 of the Labor Law, containing the requirement that an employer of laborers in the erection, repairing, altering, or painting, of a building shall not furnish unsafe, unsuitable, or improper, mechanical contrivances and, then, quoted a portion of the provisions of section 20 of the same law. He said, "If a building in the course of construction is five stories or more in height, no lumber or timber needed for such construction shall be hoisted, or lifted, on the outside of such building". At the conclusion of the charge, the defendants' counsel asked the court to instruct the jury that that portion of the statute "relates to the erection or construction of a new building and not to the alteration of a building after construction". This request was declined and the defendants excepted.

We think that the trial court committed an error in holding

this provision of the Labor Law to have any application and that the error is such as to require a new trial of the action.

Section 20 of the Labor Law is entitled "Protection of persons employed on buildings in cities". It prescribes, in some detail, the doing of certain things by "all contractors and owners, when constructing buildings in cities", which relate to floorings, as the building progresses, and to the guarding of any shafts, or openings, on each floor; all in the execution of the idea that the laborer shall be safeguarded against possible accidents, while a building is going up. Then follows the inhibitory clause quoted to the jurors. The description of "a building in the course of construction", to which the provision is directed, gives some support to the argument that it applies to any case, where the work being done upon a building, actually, involves construction. Doubtless, these defendants were constructing new roofs and new walls and, in a sense, parts of this building were "in course of construction". But there are two considerations, which lead to the conclusion that this provision of the law could not have been intended to apply to the case of a completed building upon which alterations were being made, however involving work of construction, and that to so apply it would work too harshly, in the absence of a more explicit command. In the first place, the clause, when read in connection with the whole section, appears to be supplemental, in adding to the precautions, which the builder is to observe for the protection of his workmen, when constructing a building. Those precautions relate to a building, while yet in more or less of a skeleton state. From its foundation up, the building contemplated by the section is, as to each of its floors, so incomplete as to require the taking of the precautions prescribed for the safety of workmen and that the hoisting of materials should be done within the building, after it attains a certain height, would, ordinarily, present no difficulty. The provision, in forbidding the outside hoisting of materials, in such a case, is in line with others in the section, looking to a safer performance of

the labor and the, as yet, open, or unclosed, floorings offer a way promotive of greater security when hoisting is to be done at such a height.

But, and this is the further consideration moving our judgment, if the inhibition should be construed as applying to a building, completed as a structure, while undergoing alterations, in additions or otherwise, then to compel the hoisting of such materials within, instead of outside, may subject the owner to serious difficulties and to extraordinary expenditures, and tenants of the building to possible eviction. Floors may have to be torn up and openings made; sufficiently, to permit of the passage of such timbers as the alterations require. In this building there were elevators and, possibly, the materials needed might have been carried up in them, or through the shafts; but it is quite conceivable that many completed buildings might be inadequately furnished with openings for such purposes. In a new building, which is being constructed, provision can readily be made for a compliance with the statute.

It is true that a remedial statute should be liberally construed and that any case within its purview should be included, when it is possible to do so, without doing violence to language. But statutes should be reasonably construed with reference to their apparent purpose and to those considerations, which address themselves to the plain and observant minds of those persons, whose conduct is to be governed by them. As applied to the case of a new building, in course of construction from its foundations and which has reached its fifth story, the provision in question is consistent with the intent to be gathered from the preceding provisions and with the reason of the thing. If its enactment had been with the intent that it should apply to cases where the work of construction in progress was the repairing, or the altering, of buildings, it would have been more appropriately placed in section 18 of the Labor Law.

The error is one, which cannot be disregarded; inasmuch as we cannot say that it did not influence the verdict. The

jurors may well have supposed that the defendants had been violating the law in conducting their work and, hence, have determined against them; regardless of whether they had made out a defense upon the merits of the controversy, as to where the negligence lay.

The judgment should be reversed and a new trial granted; with costs to abide the event.

CULLEN, Ch. J., EDWARD T. BARTLETT, HAIGHT, VANN, WERNER and HISCOCK, JJ., concur.

Judgment reversed, etc.